IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM ZEIGER, ET AL.,

    Plaintiffs,

v().

NEW CASTLE AREA SCHOOL DISTRICT, ET AL.,

    Defendants.

AND

KRYSTLE M. LUTZ and
BRENDA L. MARTIN, parent and
natural guardians of Tabitha L. Lutz,
a minor,

    Consolidated Plaintiffs,

v.

NEW CASTLE AREA SCHOOL
DISTRICT, ET AL.,

    Consolidated Defendants.

04cv1556 **LEAD**
(Consolidated with 04cv1557)
**ELECTRONICALLY FILED**

## Memorandum Opinion

August 31, 2005

    Pending before this Court is the motion of movant/intervenor Newspaper Holdings, Inc. (NHI) to intervene and to reconsider and modify order (doc. no. 47).  NHI seeks leave to intervene and requests this Court reconsider and modify its June 8, 2005 order sealing the record, and to unseal the record and permit access to the settlement agreement pursuant to the right of access doctrine.  Alternatively, NHI argues that if the settlement agreement is not a judicial record for purposes of the right of access doctrine, the confidentiality order should be modified because the confidentiality set forth therein does not outweigh the interest of the general public and NHI in obtaining access to the terms of the settlement agreement pursuant to the

Pennsylvania Right to Know Act.

This Court ordered briefing on this issue, and on August 19, 2005, only defendants filed a response requesting that this Court deny NHI's motion to intervene and motion to reconsider and modify the June 8, 2005 Order.

Preliminarily, we note that NHI has standing to challenge the confidentiality order. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 777 (3d Cir. 1994). Furthermore, NHI's motion to intervene was timely filed and otherwise meet the requirements for permissive intervention pursuant to Fed. R. Civ. P. 24(b)(2).  Accordingly, NHI's motion to intervene will be granted.

**Right of Access**

There is a common law presumption favoring access to judicial records.  *Bank of America National Trust and Savings Assoc. v. Hotel Rittenhouse Assoc.*, 800 F.2d 339 (3d Cir. 1986). The burden is on the party seeking to overcome the presumption of access to show that interest in secrecy outweighs the presumption.  *Id.* at 344.

The first issue is whether the settlement agreement constitutes a "judicial record".  In *Hotel Rittenhouse Assoc.*, the United States Court of Appeals for the Third Circuit held that a settlement agreement which was filed and submitted for district court approval was a "judicial record" and thus, there was a presumption of public access.  More recently, in *Pansy v. Borough of Stroudsburg*, the Court held that where a settlement agreement was never filed with, interpreted by, or enforced by the district court, it was not a "judicial record," and therefore, the right of access doctrine could not be a basis for a newspaper to obtain access to the agreement.

Because, in this case, the settlement agreement was submitted and entered into the record, albeit under a petition to seal (doc. no. 45, exhibit "A"), this Court finds that the factual scenario

in *Hotel Rittenhouse Assoc.*, to be analogous to the present factual situation. Accordingly, the settlement agreement constitutes a "judicial record," and, therefore, there was a presumption favoring access to these records.

In the face of that presumption, and for the reasons that follow, this Court initially found that good cause existed to seal these documents. First, and foremost, this Court originally sealed these pleadings because the <u>minor</u> plaintiffs, whose ages ranged from thirteen to seventeen, requested these pleadings be filed under seal. Given the nature of their claims, and that the students' decision to settle the dispute would be scrutinized in a public (school) setting by their peers and others, possibly causing them embarrassment or potential disruption at school, the Court placed significant weight on this factor. Furthermore, the parties filed the settlement agreement and accompanying documentation because they were required to pursuant to Local Rule 17.1 governing minors' settlements. Additionally, the matters discussed in the settlement agreement, the accompanying petition, and the June 8, 2005 sealed Order of Court, did not involve issues important to public health and safety. For these reasons, the Court sealed the settlement documents pursuant to its June 8, 2005 confidentiality order.

Since that time, NHI has sought to unseal these document pursuant to the right of public access and/or the Pennsylvania 'Right to Know' Act. In their response, defendants deny that the settlement agreement is a "judicial record," and further argue that pursuant to *Pansy*, the parties to the settlement have an interest in favor of maintaining the confidentiality of the Order that outweighs the interest of disclosure to the general public and NHI. However, significantly, plaintiffs did not submit any response to NHI's motion to unseal the documents. The practical effect of plaintiffs' failure to respond and/or object to NHI request for public access has been to

3

remove this Court's original justification for entering a confidentiality order on information which would presumptively and ordinarily be obtainable as a judicial record pursuant to the right of public access.

Therefore, in light of the recent developments regarding minor plaintiffs' (or more importantly their guardians') lack of concern for their own privacy, and considering the strong presumption in favor of public access, this Court now reconsiders whether the current confidentiality order should be remain in effect, or whether, as NHI suggests, that order should be lifted to provide public access to these documents.

This Court recognizes that "the issue of whether an order of confidentiality should be modified is separable from the question concerning whether a settlement agreement subject to that order is a judicial record for purposes of the right of access doctrine." *Pansy*, 23 F.3d at 785. Nonetheless, it is well settled that a district court retains the power to modify or lift confidentiality orders that it has entered.

In *Pansy,* the Court of Appeals for the Third Circuit set forth that there must be "good cause" to maintain a protective or confidentiality order. *Id.* at 783-784. "Good cause" may be established upon a showing that disclosure will work a clearly defined and serious injury to the party seeking closure. *Id.* The Court in *Pansy* set forth a list of potential factors to consider, including whether the parties to the agreement have an interest in privacy, whether the information being sought is for a legitimate purpose, whether there is a threat of particularly serious embarrassment to a party, whether information is important to public health and safety, whether the party benefitting from the confidentiality order is a public entity or official, and whether the case involves issues important to the public. *Id.* at 787-788. Most recently, in

*Shingara v. Skiles, et al.* ___ F.3d ___, 2005 WL 2024890 (3d Cir. August 24, 2005), the Court of Appeals stated that these factors were not exhaustive.

In this case, as rehearsed, only defendants have expressed a concern for their privacy at this juncture. However, they are considered a public entity, which weighs in favor of public disclosure. Factors weighing against public disclosure include the fact that the plaintiffs are minors, that the sealed documents contain nothing of importance to public health or safety, and, finally, that the case itself and terms of the settlement agreement are items of marginal (only local) public concern.

After weighing the factors for and against public disclosure, the Court finds that although this case is close, the factors justifying disclosure establish "good cause" for this Court to lift or modify the current confidentiality order.

This Court finds that because the main factor justifying the decision to seal the documents no longer exists and because the concerns for the privacy of the minor students is not one which they, or their parents, find to be important, this Court's original concerns about their privacy have been vitiated. This Court finds that because the settlement agreement is a judicial record, and because there exists "good cause" for a modification of the June 8, 2005 order sealing the documents (doc. nos. 45 and 46), this Court will grant movant/intervenor NHI's motion to intervene and motion to reconsider. Furthermore, this Court will modify said order but will stay said order until the parties have fully litigated this matter on appeal.

An appropriate order follows.

               s/Arthur J. Schwab
               Arthur J. Schwab
               United States District Judge

cc: All counsel of record as listed below

Jonathan Solomon, Esquire
421 East Moody Avenue
New Castle, PA 16105

John W. Smart, Esquire
Andrews & Price
1500 Ardmore Boulevard
Suite 506
Pittsburgh, PA 15221

Charles P. Sapienza, Jr., Esquire
The Law Office of Charles P. Sapienza
101 South Mercer Street
303 Central Building
New Castle, PA 16101

James W. Manolis, Esquire
Verterano & Manolis
2622 Wilmington Road
New Castle, PA 16105-1530

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM ZEIGER, ET AL.,

      Plaintiffs,                                   04cv1556 **LEAD**

v.                                             (Consolidated with 04cv1557)

NEW CASTLE AREA SCHOOL DISTRICT, ET AL.,     **ELECTRONICALLY FILED**

      Defendants.

AND

KRYSTLE M. LUTZ and
BRENDA L. MARTIN, parent and
natural guardians of Tabitha L. Lutz,
a minor,

      Consolidated Plaintiffs,

v.

NEW CASTLE AREA SCHOOL
DISTRICT, ET AL.,

      Consolidated Defendants.

## Order of Court

AND NOW, this 31st day of August, 2005, for the reasons set forth in the foregoing memorandum opinion, movant/intervenor's motion to intervene and motion to reconsider and modify order (doc. no. 47) is HEREBY GRANTED. This Court will modify said order to unseal the June 8, 2005 order (doc. no. 46) and accompanying petition (doc. no. 45) but will stay said modification order until the parties have fully litigated this matter on appeal.

                                                   s/Arthur J. Schwab
                                                   Arthur J. Schwab
                                                   United States District Judge

cc: All counsel of record as listed below

Jonathan Solomon, Esquire
421 East Moody Avenue
New Castle, PA 16105

John W. Smart, Esquire
Andrews & Price
1500 Ardmore Boulevard
Suite 506
Pittsburgh, PA 15221

Charles P. Sapienza, Jr., Esquire
The Law Office of Charles P. Sapienza
101 South Mercer Street
303 Central Building
New Castle, PA 16101

James W. Manolis, Esquire
Verterano & Manolis
2622 Wilmington Road
New Castle, PA 16105-1530